JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**

FILED
2010 Jul-30 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**
Petra Development, LLC

**DEFENDANTS**
Valley Forge Insurance Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
Etowah

**COUNTY OF RESIDNCE OF FIRST LISTED DEFENDANT** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, SUE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Andrew P. Campbell
Leitman, Seigal, Payne and Campbell
420 20th Street North
Birmingham, AL 35203

**ATTORNEYS (IF KNOWN)**
Ollie A. "Tres" Cleveland
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue N, Suite 2400
Birmingham, AL 35203

**II. BASIS OF JURISDICTION** (PLACE AN "" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "" IN ONE BOX FOR PLAINTIFF) (For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN "" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☒110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antirust |
| ☐130 Miller Act | ☐315 Airplane product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | ☐820 Copyrights | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐830 Patent | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐840 Trademark | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | | ☐810 Selective Service |
| ☐153 Recovery of Overpayment Of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence | | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐442 Employment | Habeas Corpus: | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐530 General | ☐790 Other Labor Litigation | FEDERAL TAX SUITS | |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | ☐791 Empl. Ret. Inc. Security Act | ☐870 Taxes (US Plaintiff or Defendant | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | ☐871 IRS – Third Party 26 USC 7609 | ☐950 Constitutionality of State Statues |
| ☐290 All Other Real Property | | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| | | ☐555 Prison Condition | | | |

**V. Origin** (PLACE AN "" IN ONE BOX ONLY)
- ☐1 Original Proceeding
- ☒2 Removed from State Court
- ☐3 Remanded from Appellate Court
- ☐4 Reinstated or Reopened
- ☐5 Transferred from Another district (specify)
- ☐6 Multidistrict Litigation
- ☐7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUtE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUES UNLESS DIVERSITY)
Notice of Removal 28 USC§ 1332, 1441, et seq.

**VII. REQUESTED IN COMPLAINT:**
☐CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ + 280,000.00
☐CHECK YES only if demanded in complaint:

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE     DOCKET NUMBER

DATE 07-29-10    SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PETRA DEVELOPMENT, LLC )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)    CIVIL ACTION NO.<br>VALLEY FORGE INSURANCE )<br>COMPANY and Fictious Parties 1 - 10 )<br>)<br>    Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, *et seq.*, Defendant Valley Forge Insurance Company ("Valley Forge" or "Defendant") hereby files this Notice of Removal to remove this civil action from the Circuit Court of Etowah County, Alabama, wherein it was filed as CV-2010-357-WHR, to the United States District Court for the Northern District of Alabama, Middle Division. This cause is removable pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and the properly named and served Defendant, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Defendant respectfully shows the Court as follows:

1. On or about June 25, 2010 Plaintiff Petra Development, LLC ("Petra" or "Plaintiff") instituted a civil action against Defendant in the Circuit Court of Etowah County, Alabama, styled *Petra Development, LLC v. Valley Forge*

1

*Insurance Company and Fictitious Defendants 1- 10*, Civil Action No. 2010-900309-DAK. Defendant was served with process on or about July 2, 2010. The documents attached hereto as Exhibit "A" constitute all of the pleadings, process, and other papers served upon Defendant in this action to date.

2. The instant action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, as there is complete diversity between Plaintiff and the only named Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[1]

3. In accordance with Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), this Notice of Removal is properly filed within thirty (30) days of Defendant's receipt of the initial pleading on which diversity jurisdiction is based.

4. The United States District Court for the Northern District of Alabama is the federal judicial district embracing the Circuit Court of Etowah County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(a)(6) and 1441(a).

---

[1] The fictitious defendants need not join in or consent to removal. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354-55 (S.D. Ala. 2003) ("If…an unserved defendant cannot be required to remove, neither can he or she be required to join in or consent to removal by another defendant. The exception for fictitious defendants rests on similar grounds; a fictitious defendant is necessarily one that, due to its unknown identity, has not been served with process").

## DIVERSITY OF CITIZENSHIP

5.     Upon information and belief, Plaintiff is an Alabama Limited Liability Company with it principal place of business in St. Clair County, Alabama.

6.     Defendant is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Chicago, Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Pennsylvania and Illinois. Defendant is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes of action.

7.     Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendant.

## AMOUNT IN CONTROVERSY

8.     This lawsuit involves a dispute arising from a commercial property insurance claim. *See generally* Compl., Ex. A.  Valley Forge issued a property insurance policy ("the Policy") covering a commercial building ("the Property") owned by the Plaintiff in Mobile, Alabama. *See* Compl., Ex. A, ¶¶ 4-5. Plaintiff alleges that the concrete slab floor at the Property collapsed causing "damage in need of substantial repair." *See* Compl., Ex. A, ¶ 8. During the claim investigation and prior to this litigation, Plaintiff submitted several damage estimates ("Estimates") to Valley Forge.  True and correct copies of these Estimates are

attached hereto as Exhibit "B". The ultimate total of the Plaintiff's Estimates were $280,916.85. *See* Estimates, Ex. B.[2]

9.  In addition to submitting the Estimates, Plaintiff's representatives provided two written correspondence ("Settlement Demands") to Valley Forge stating that the Claim could <u>not</u> be resolved for $218,651.69. True and correct copies of these Settlement Demands are attached hereto as Exhibit "D".[3] Both Settlement Demands – the first provided by Plaintiff's independent insurance representative Henry Mellen and the second by Plaintiff's attorney Claude Moncus – indicated that the Claim could not be resolved for $218,651.69. *See* Settlment Demands, Ex. "D" and Affidavit of James P. White, Ex. "C", ¶ 3. Mellen and Moncus both indicated that the Plaintiff wanted a settlement payment in excess of $218,651.69 to resolve the Claim. *Id.*

10. After concluding its investigation, Valley Forge denied Plaintiff's claim in March 2010. *See* Compl., Ex. A, ¶ 11. This lawsuit followed.

11. Plaintiff's Complaint seeks an unspecified amount of "compensatory and punitive damages" and "interest, cost and attorneys fees." *See generally* Compl., Ex. A. The Complaint alleges causes of actions based on breach of contract, bad faith and fictitious parties.[4]

---

[2] *See also* Affidavit of James P. White, ¶¶ 1-2, attached hereto as Exhibit "C".
[3] *See also* Affidavit of James P. White, Ex. "C", ¶ 3..
[4] *See Supra* "n.1" (stating that fictitious defendants are to be ignored for purposes of determining

4

01994484.1

Case 4:10-cv-02081-RBP   Document 1   Filed 07/29/10   Page 6 of 11

12. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. This fact is plainly established through the pre-litigation Estimates and Settlement Demands that seek $280,916.85 in payments. *See* Estimates, Ex. "B", Settlement Demands, Ex. "D" and Affidavit of James P. White, Ex. "C".

13. Defendants introduction and reliance on the Estimates (Ex. "B"), Settlement Demands (Ex. "D") and the Affidavit of James P. White (Ex. "C") to establish the amount in controversy is proper under Eleventh Circuit precedent. Where, as here, a complaint seeks an unspecified amount of damages, "[d]efendants may introduce their own affidavits, declarations, or other documentation" in order to satisfy the amount in controversy requirement. *Pretka v. Kolter City Plaza II, Inc.*, 2010 WL 2278358, *10, 18, 21 (11th Cir. June 8, 2010) (holding that for cases removed within the first thirty days after service, "jurisdictional facts may come from whichever party asserts federal jurisdiction," and "evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court").[5]

---

federal diversity jurisdiction.).

[5] *Pretka* clarified the type of evidence a defendant may introduce to establish the amount in controversy requirement. *Id.* The Court held that defendants may submit their own evidence to support removal, including "their own affidavits, declarations or other documentation." *Id.* at *8. The Court explained that "[t]he point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id. Pretka* further held that the Eleventh Circuit's previous decision discussing the amount in controversy requirement, *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), did not forbid removing

5

01994484.1

14. Furthermore, written settlement demands may be properly considered in determining whether a claim meets the jurisdictional threshold of 28 U.S.C. § 1332. *See, e.g., Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) ("[t]his court agrees with American Suzuki that a settlement letter is admissible evidence of the amount in controversy at the time of the removal"); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (stating that a "settlement letter is valuable evidence to indicate the amount in controversy at the time of removal," and denying a motion to remand notwithstanding plaintiff's stipulation that they would not accept more than $50,000 where prior to suit, plaintiffs wrote a letter seeking $110,000); *Essenon v. Coale*, 848 F. Supp. 987, 989-90 (M.D. Fla. 1994) (holding that a demand letter constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b)); *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D.Fla. 1998) (holding that a "settlement demand is typically part of the civil litigation process," and that "[g]enerally, defendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to determine whether a case is removable," where a plaintiff has made an unspecified request for damages").

---

defendants from submitting affidavits or other evidence to establish the amount in controversy. *Id.*

15. Moreover, e-mails estimating damages may be properly considered in determining whether a claim meets the jurisdictional threshold of 28 U.S.C. § 1332. *See, e.g., Callahan v. Countrywide Home Loans, Inc.*, 2006 WL 1776747, *3-*5 (N.D.Fla) (holding that an email indicating that the plaintiff was seeking more than $75,000 in damages constituted an "other paper" upon which defendant was able to establish the federal amount in controversy requirement pursuant to 28 U.S.C. § 1446(b)); *Dominguez v. Peek*, 2010 WL 1658550, *1, *6 (S.D.Ala.) (*aff'd by Dominguez v. Peek*, 2010 WL 1851617 (S.D.Ala.) (adopting the magistrate's opinion that an email from the plaintiff's counsel demanding $3,000,000 was a legitimate "other paper" upon which the defendant properly relied to establish the federal amount in controversy threshold in his notice of removal pursuant to 28 U.S.C. § 1446(b))).

16. Consequently, the Estimates (Ex. "B"), Settlement Demands (Ex. "D") and the Affidavit of James P. White (Ex. "C") establish that the amount in controversy exceeds $75,000.

## MISCELLANEOUS

17. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Etowah County, Alabama, as provided by law, and written notice is being sent to Plaintiffs' counsel.

18. Defendant has not sought similar relief.

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. All properly joined and served Defendants join in this removal.

21. The remaining fictitious defendants need not join in or consent to removal. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354-55 (S.D. Ala. 2003).

22. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama.

23. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Middle Division, the District and Division encompassing the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Etowah County, Alabama, shall effect the removal of said civil action to this Honorable Court.

                    <u>s/ Tres Cleveland</u>
                    Michael D. Mulvaney
                    Ollie A. "Tres" Cleveland, III
                    Attorneys for Defendant,
                    Valley Forge Insurance Company

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 29th day of July, 2010.

LEITMAN, SIEGAL, PAYNE & CAMPBELL, P.C.
Andrew P. Campbell
Gregory A. Brockwell
420 20th Street North, Suite 2000
Birmingham, AL 35203


s/ Tres Cleveland
Of Counsel